UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| YAODI HU, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:12-cv-1203 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| JUN ZHOU, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |
| _____ | ) | |

This is a civil action brought by a *pro se* plaintiff against his former wife or domestic partner. Plaintiff's handwritten complaint is not a model of clarity. He alleges that he and defendant underwent an "invalid divorce" around 2000, but continued to live as husband and wife until their final break-up in 2009. He alleges that defendant imposed upon him an Indiana divorce decree that did not make proper arrangements for his maintenance. Because plaintiff's financial circumstances have deteriorated since then, he "is praying for modification of maintenance agreement." No other relief is sought. Plaintiff expressly invokes the court's diversity jurisdiction, but does not identify the citizenship of either party.

The court has granted plaintiff leave to proceed *in forma pauperis*, in light of his indigence. Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). In addition, the court can

dismiss a civil action at any time on its own motion, for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), when the complaint's allegations clearly show a lack of jurisdiction. *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). After review of the complaint, I recommend that this action be dismissed for lack of subject-matter jurisdiction.

The federal courts are courts of limited jurisdiction. *See Kokkonen v. Guarantee Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The principal jurisdiction of the district courts extends to cases arising under the federal Constitution or laws (federal-question jurisdiction) and cases involving citizens of different states and the requisite amount in controversy (diversity jurisdiction). The Federal Rules of Civil Procedure require a plaintiff to set forth in his complaint a short and plain statement of the court's jurisdiction. FED. R. CIV. P. 8(a)(1). Plaintiff's complaint does not allege violation of any right under the federal Constitution or laws. Therefore, jurisdiction, if it exists at all, must be premised on complete diversity and amount in controversy.

Although plaintiff specifically invokes this court's diversity jurisdiction, he does not identify the citizenship of any party. Presumably, plaintiff is a citizen of the State of Michigan, as his address is in New Buffalo. The citizenship of defendant, however, is undisclosed. In a diversity action, a plaintiff must "state all parties' citizenships such that the existence of complete diversity can be confirmed." *Washington v. Sulzer Orthopedics, Inc.*, 76 F. App'x 644, 645-46 (6th Cir. 2003) (quoting *Chemical Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.*, 177 F.3d 210, 222 n.13 (3d Cir. 1999)). Furthermore, the complaint contains no facts to support a conclusion that the amount in controversy, exclusive of interest and costs, exceeds $75,000.00, as required by the diversity statute. 28 U.S.C. § 1332(a).

Even assuming, however, that plaintiff's complaint were sufficient to invoke the court's diversity jurisdiction, the court would still lack subject-matter jurisdiction to grant the relief requested. Plaintiff asks for a modification of a maintenance agreement contained in an Indiana judgment of divorce. The federal courts have consistently recognized that the "whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." *Ex Parte Burrus*, 136 U.S. 586, 593-94 (1890). Consequently, direct regulation of domestic relations is the virtually exclusive province of the state courts. *See Sosna v. Iowa*, 419 U.S. 393, 404 (1975). The federal courts have therefore fashioned a "domestic relations exception" to the diversity jurisdiction of the federal courts, in view of the long-held understanding that the federal courts have no role in the direct administration of domestic relations law. *See Ankenbrandt v. Richards*, 504 U.S. 689 (1992). This doctrine "divests the federal courts of power to issue divorce, alimony, or child custody decrees." *See McLaughlin v. Contner*, 193 F.3d 410, 412 (6th Cir. 1999). This court is therefore powerless to enter an order adjusting the financial relationship between plaintiff and his former wife or modifying the judgment of divorce entered by a state court. Plaintiff must seek such relief in the appropriate state court.

**Recommended Disposition**

For the foregoing reasons, I recommend that plaintiff's complaint be dismissed without prejudice for lack of subject-matter jurisdiction. Plaintiff's motion for change of venue (docket # 3) should be denied as moot.

Dated:  November 5, 2012            /s/  Joseph G. Scoville
                                    United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).