UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YAODI HU,

    Plaintiff,

Case No. 1:12-CV-1203

v.

HON. ROBERT HOLMES BELL

JUN ZHOU,

    Defendant.
    _____/

# MEMORANDUM OPINION AND ORDER
# APPROVING AND ADOPTING REPORT AND RECOMMENDATION

On November 5, 2012, Magistrate Judge Joseph G. Scoville issued a Report and Recommendation ("R&R") recommending that Plaintiff's complaint be dismissed without prejudice for lack of subject matter jurisdiction and that Plaintiff's motion for change of venue be denied as moot. (Dkt. No. 6.) This matter is before the Court on Plaintiff's objections to the R&R. (Dkt. No. 16.) Also before the Court is Plaintiff's motion for immediate maintenance payment. (Dkt. No. 11.)

This Court makes a *de novo* determination of those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The Court may accept, reject, or modify any or

all of the Magistrate Judge's findings or recommendations. *Id.*

The Magistrate Judge recommended dismissal because Plaintiff's complaint did not contain pleadings sufficient to invoke the Court's diversity jurisdiction and, alternatively, because federal courts have no jurisdiction over the direct administration of domestic relations.

In Plaintiff's objections, he argues that diversity jurisdiction is present. He states that he is a citizen of Michigan, while Defendant is a citizen of Illinois. (Dkt. No. 16, ¶ 1.) He also argues that the amount in controversy is "at least a few hundred thousand dollars" due to the annual gross income of Defendant's insurance agency. (Dkt. No. 16, ¶ 4.) Plaintiff contends that he will file a first amended complaint shortly to add these allegations as pleadings. (Dkt. No. 16, ¶ 2.)

However, even assuming Plaintiff's complaint (as it stands now or as amended) is sufficient to invoke diversity jurisdiction, this Court still lacks subject matter jurisdiction as the Magistrate Judge pointed out: "This court is therefore powerless to enter an order adjusting the financial relationship between plaintiff and his former wife or modifying the judgment of divorce entered by a state court." (Dkt. No. 6, at 3.) This conclusion was correct. As laid out by the Magistrate Judge, direct regulation of domestic relations is the province of the state courts. *See Sosna v. Iowa*, 419 U.S. 393, 404 (1975). As a result, the federal courts have fashioned a "domestic relations exception" to diversity jurisdiction. *Ankenbrandt v. Richards*, 504 U.S. 689, 693 (1992). This doctrine "divests the federal courts

of power to issue divorce, alimony, or child custody decrees." *McLaughlin v. Contner*, 193 F.3d 410, 412 (6th Cir. 1999). Plaintiff's complaint, which requests only modification of a maintenance agreement, falls squarely within this "domestic relations exception."

In his objections, Plaintiff asks the Court to interpret his complaint liberally as demanding a dissolution of a business partnership with the Defendant. (Dkt. No. 16, ¶ 5.) Plaintiff contends that the business partnership is an oral contract governed by Illinois law. (*Id.*) Plaintiff argues that if the Court interprets the complaint this way, it can then exercise supplemental jurisdiction over his request regarding the maintenance agreement. (Dkt. No. 16, ¶ 6.)

The Court does not interpret Plaintiff's complaint as requesting the dissolution of a business partnership. The complaint states only that "Hu is praying for modification of maintenance agreement." (Dkt. No. 1.) The complaint does ambiguously use the phrase "verbal contract" in the first paragraph. However, there is nothing in the complaint regarding the nature of this "verbal contract." Nor can the Court infer that this "verbal contract" has been breached or should be dissolved. The context of the reference to an oral contract consists solely of the following: "Hu and Zhou were partners in fact until 2009 around September. Under law of State of Illinois [sic] verbal contract statute of limitations of 5 years [sic]." (Dkt. No. 1.) Without any reference to what this "verbal contract" consisted of, Plaintiff's complaint, even construed liberally, cannot be interpreted as requesting dissolution of a business partnership. Moreover, the Court notes that even if "verbal

contract" referred to an oral business arrangement, Illinois's statute of frauds prohibits actions brought upon oral contracts which last longer than one year. 740 Ill. Comp. Stat. 80/1.

Last, the Court notes that even if a claim regarding the dissolution of a business partnership was properly presented, the Court would still lack jurisdiction over Plaintiff's request for maintenance payment. A domestic relations issue such as Plaintiff's request for maintenance payments precludes the exercise of any subject matter jurisdiction, including supplemental jurisdiction. *See United States v. MacPhail*, 149 F. App'x 449, 455 (6th Cir. 2005) ("[W]henever a claim concerns marital matters, we must decide whether the family law character of the claim precludes the exercise of supplemental jurisdiction.").

Accordingly,

**IT IS HEREBY ORDERED** that the November 5, 2012, Report and Recommendation (Dkt. No. 6) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to change venue (Dkt. No. 3) and motion for immediate maintenance payment (Dkt. No. 11) are **DENIED AS MOOT**.

Date: February 5, 2013          /s/ Robert Holmes Bell
                                                                ROBERT HOLMES BELL
                                                                 UNITED STATES DISTRICT JUDGE